By the Court.—Dugro, J.
The appellant claims, with respect to so much of the judgment as favors Tufts, a reversal, for reasons stated by its counsel, as follows : (a) By accepting the assignment Tufts waived and lost all right to file a mechanic’s lien. (6) Having accepted the assignment subject to a prior assignment to the bank; he is estopped from contesting the validity of the bank’s assignment, (c) No action having been commence to enforce his lien and no lis pendens having been filed by him, his lien has expired by limitation, (d) Tufts should have been compelled to elect one of the two remedies upon which he claimed.
In support of reason “ a,” it is argued that the assignment conveyed to Tufts the very property he seeks to lien, and that to allow him after acceptance of the assignment a lien right, would be to permit him to lien his own property ; this position is not maintainable, as the monies liened and those assigned are not identical. The assignment was in effect of monies due to Duffy after the discharge of all liens. The monies liened were such as would have been due Duffy but for the liens. This distinction, arises through the existence of a provision in the contract that the City should deduct from the monies otherwise due under the agreement, the amount which might be allowed to lienors prior to the discharge of the notices of lien in one of the ways provided by law. Duffy could not assign more than he would be entitled to by virtue of his contract and its performance. Tufts’ lien right was superior to the right acquired by virtue of the assignment. The acceptance of the latter cannot, therefore, be fairly assumed to have been a waiver of the former. It simply gave Tufts’ ’ an opportunity to obtain his *215 money, as against Duffy, without filing a lien and being under the necessity of foreclosure.
A lienor’s right will not be considered waived unless the facts clearly indicate an intention to abandon his rights, and such an intention is not to be presumed from the mere fact of an assignment such as is disclosed by the evidence. It does not appear that the assignment was accepted as a payment of the indebtedness, and unless it was a payment the debt remains and the right of lien still exists as incidental thereto.
As to reason “5,” it may be said the estoppel claimed could only avail, if at all, in case the acceptance of the assignment constituted a waiver of the lien.
The reason “c,” presents a more difficult question. It was the legislative intent that no lien should be binding unless an action was commenced by the lienor, as plaintiff, within ninety days from the filing of the lien, and a notice of pendency was filed; except in the cases referred to by the language “ But all parties who have filed claims under this title may by answer in such action set forth the same ” in section 1830, of the Consolidation Act, (McDermott v. McDonald, 50 Super. Ct. 153), and if in the action, in which a claim is set up by' answer, a proper notice of pendeney is filed by the plaintiff, the defendant need not file a similar notice. The defendant Tufts having filed no claim at or prior to the commencement of the Moran action, was not in that action one of those referred to by the words “ parties who have filed claims under this title.” These words apply only to parties who have filed claims and whom the plaintiff by section 1830 is obliged to make parties defendant. Tufts, therefore, had no right conferred by the statute to set up his lien in the Moran action. He should, to preserve his lien, have complied with section 1827, or answered in an *216 action in which he was a necessary party defendant, as allowed to do by section 1830. The latter course he claims to have adopted, but the "claim is not well founded. . The referee finds that Tufts set up his lien by answer in the McShane action ; in this action a notice of pendency was filed, so that, if the finding is correct, the statute has been complied with, but an exception to the finding is well taken, for the case is without evidence warranting the conclusion.
(“cl”) Tufts’ remedies were not inconsistent. He had a right to rely upon the lien and assignment. He could, however, have had but- one satisfaction.
I find no error in the allowance of the claims of Moran and McShane.
The judgment should be affirmed, except that part of it which judges that Tufts had a valid lien on the fund superior to the claim of the appellant, and as to this part of the judgment it is reversed and a new trial ordered, with costs to abide the event. Costs of appeal to Moran, McShane, and Candee & Smith, to be paid by the appellant.
Truax, J., concurred.